## HAVENS & MARTIN, Inc., v. FEDERAL RADIO COMMISSION.

### No. 5141.

Court of Appeals of District of Columbia.
Argued Nov. 3, 1930.

Decided Dec. 1, 1930.

Callom B. Jones, of Richmond, Va., for appellant.

Thad H. Brown and D. M. Patrick, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice.

It appears that appellant owns and operates a broadcasting station located at Richmond, Va., with call letters WMBG, on a frequency of 1,210 kilocycles, and with a power output of 100 watts. On September 30, 1929, appellant applied to the Federal Radio Commission for a construction permit which in effect would increase the power output of its station from 100 watts to 500 watts, and change the frequency from 1,210 to 1,240 kilocycles. A hearing was regularly held thereon by the Commission, whereupon the application was refused upon the ground that public interest, necessity, and convenience would not be served by such a change. This appeal followed.

The Commission based its decision in part upon the following findings of fact: (1) That broadcasting station WGHP at Detroit, Mich., was operating under license upon a frequency of 1,240 kilocycles with a power output of 1,000 watts, and, if appellant's station should be given the same frequency with 500 watts power, a serious heterodyne interference would result from the simultaneous operation of the two stations, the distance between them being about 460 miles; and (2) that the state of Virginia, being in the second zone, already enjoyed more than a fair and equitable proportion of the facilities available to that zone upon the basis of population, and the city of Richmond already enjoyed a full share of the radio facilities of the state.

These findings, if justified by the record, are sufficient to sustain the refusal of appellant's application. Radio Act of 1927, § 4, 44 Stat. 1162 (47 USCA § 84). They are contested by appellant, and the question presented by this appeal is whether the findings are manifestly against the evidence contained in the record. Technical Radio Laboratory v. Federal Radio Commission, 59 App. D. C. 125, 36 F.(2d) 111, 66 A. L. R. 1355. Upon a review of the record we are of the opinion that none of the findings is against the evidence.

In respect to the finding that heterodyne interference would probably result from the simultaneous operation of stations WGHP and WMBG, should both operate upon the same frequency, one having 500 watts power and the other 1,000 watts, Mr. Ring, the engineer of the Radio Commission, testified as follows: "Under normal conditions or average conditions, we would expect station WGHP, operating on a power of 1 kilowatt, and this station operating on a power of 500 watts, approximately 465 miles apart, to cause such disturbing interference with the service area of the stations referred to, that WGHP would be limited to probably 30 or 40 miles, and WMBG would be limited to something like 20 or 30 miles." In contradiction to this testimony, Mr. Woods, the engineer of station WMBG, testified to a certain test made by him which disclosed that no carrier waves were audible in Richmond on the 1,240 kilocycle channel at the time of the test. This statement was corroborated by Mr. O'Brien, a radio constructor and engineer. In reference to this apparent conflict of evidence, the Commission stated that there was nothing in the record to show that the test was made under average conditions, nor that station WGHP was in actual operation when the test was made; hence the fact that no heterodyne interference was encountered by the test was not proof that none would exist under average conditions from the simultaneous operation of both stations. The Commission accordingly relied upon the testimony

of its official engineer upon this point, and this was not error.

In respect to the Commission's findings relative to the radio facilities already enjoyed by the state of Virginia and by the city of Richmond, we may say that the findings are not against the evidence. An analysis of the quota to which the state is entitled according to population discloses that it is over its quota in respect to national, regional, and local facilities. It is claimed by appellant that this tabulation is incorrect because it includes station WJSV using 10,000 watts as a Virginia station, whereas appellant contends that its studio is located in the District of Columbia although its transmitter is in Virginia. If this be the fact, the station would not be chargeable to Virginia, but to the District of Columbia. Act of Congress of March 28, 1929, § 5, 45 Stat. 373 (47 US CA § 89). The evidence, however, tends to prove that the principal studio of WJSV is located in Virginia. The Commission made no specific finding upon this subject, inasmuch as it was not found to be decisive.

It is claimed by appellant that the city of Richmond is "radio isolated," but this contention was not sustained by the Commission. It is disclosed that the city has station WRVA, using a frequency of 1,110 kilocycles, on a cleared channel, with a power of 5,000 watts, and that this station broadcasts local intelligence and information as well as national programs. The city has also station WMBG which is now in question, and WBBL, operating on 1,370 kilocycles, a local channel, with 100 watts power. The Commission held that there were other localities in Virginia in need of broadcasting facilities, and now applying therefor, and that, if new construction is to be permitted in the state, it is in the public interest, convenience, and necessity that it should go to some place where there are as yet no stations, and not to a city which "already enjoys a fair share of the broadcasting facilities to which its state is entitled."

It has not seemed necessary for us to review in detail the various assignments of error urged by appellant, for in our opinion the decision of the Commission is not contrary to the evidence in the record.

It is therefore affirmed.